THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSEPH D LACY, JR.**                                                                                          **PLAINTIFF**

v.                                   **Case No. 4:19-cv-00130-KGB**

**RYDER TRUCK RENTAL, INC.**                                                                     **DEFENDANT**

**ORDER**

On February 20, 2019, plaintiff Joseph D. Lacy, Jr., filed a *pro se* complaint alleging personal injury as a result of defendant Ryder Truck Rental, Inc.'s ("Ryder"), negligence (Dkt. No. 2). Mr. Lacy has since hired counsel and amended his complaint twice with leave of the Court (Dkt. Nos. 7, 8, 18, 21). On July 24, 2019, this Court entered a final scheduling order and set a deadline of September 1, 2019, for amendment of pleadings (Dkt. No. 20). Ryder filed an answer to Mr. Lacy's second amended and substituted complaint on November 27, 2019, and a motion for summary judgment on March 2, 2020 (Dkt. Nos. 23, 25). On March 17, 2020, Mr. Lacy filed a motion to amend complaint now before the Court (Dkt. No. 30). Ryder has not responded in opposition to Mr. Lacy's motion to amend, and the time to do so has passed. On May 11, 2020, this Court continued the trial in this case, suspended all then-pending deadlines in the final scheduling order, and took under advisement Ryder's motion for summary judgment and Mr. Lacy's motion to amend (Dkt. No. 37).

In the instant motion to amend, Mr. Lacy represents that he seeks to amend his complaint to reflect the principal place of business of defendant Ryder Truck Rental is Miami, Florida (Dkt. No. 30, ¶ 2). Mr. Lacy further represents that the amendment is made in good faith and not for the purpose of delay and that Ryder will not be prejudiced in this case because, according to Mr. Lacy,

a dismissal will still preserve the state law claims and an amendment will instead allow the matter to be decided upon its merits (*Id.*, ¶ 3).

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading with the opposing party's written consent or with the court's leave and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (recognizing that Rule 15 provides that amendment of pleadings "is to be liberally permitted"). While there is no absolute or automatic right to amend, under the liberal amendment policy of Rule 15(a), "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). However, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Correctional Medical Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)). The Eighth Circuit has thus "unmistakably conclude[ed] that Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Id.*

The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot

2

reasonably be met despite the diligence of the party seeking the extension."). "In short, 'good cause' for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008) (citing *Sherman*, 532 F.3d at 716–18).

The existence or degree of prejudice to the party opposing the modification may also be relevant, but the Court need not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Sherman*, 532 F.3d at 717. The Eighth Circuit's cases reviewing Rule 16(b) rulings "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.* (determining no good cause for defendants' motion to amend to plead an affirmative defense 17 months after the deadline where "no change in the law, no newly discovered facts, or any other changed circumstance made the preemption defense more viable after the scheduling deadline for amending pleadings."); *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of plaintiffs' motion for leave to amend their complaint two months after the deadline because plaintiffs had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint . . . ."); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the district court's denial of plaintiff's untimely motion to amend her complaint to add a claim for punitive damages because she provided no reason why punitive damages could not have been earlier alleged or why her motion to amend was filed so late).

Here, Mr. Lacy seeks to amend his complaint to allege that Ryder's principal place of business is Miami, Florida (Dkt. No. 30, ¶ 2). Mr. Lacy filed the motion to amend 14 days after Ryder filed its motion for summary judgment in which Ryder argued, in part, that Mr. Lacy's

3

second amended complaint must be dismissed for failure to allege the citizenship of any party for the purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332 (Dkt. No. 26, at 6–7). Mr. Lacy in his motion makes no showing as to why he could not reasonably have alleged Ryder's principal place of business in accordance with the September 1, 2019, deadline established in the final scheduling order.  Further, nothing in the record indicates that Mr. Lacy could not have included Ryder's principal place of business in either of his previous amended complaints. Instead, Mr. Lacy argues that Ryder will not be prejudiced in this case because a dismissal will still preserve the state law claims and an amendment will instead allow the matter to be decided upon its merits (Dkt. No. 30, ¶ 3).

The Court finds that, despite Mr. Lacy's belated motion to amend complaint, good cause exists to grant Mr. Lacy's motion in this case.  First, Mr. Lacy seeks to amend his complaint for the sole purpose of pleading that Ryder's principal place of business is Miami, Florida (Dkt. No. 30-1, ¶ 2).  Mr. Lacy's amendment is therefore unlikely to prejudice Ryder except to the extent that Ryder has already moved for summary judgment in part because, according to Ryder, Mr. Lacy in his second amended complaint failed to specify Ryder's state of incorporation and principal place of business.  Second, Ryder did not respond in opposition to Mr. Lacy's motion, and the time to do so has passed.  Pursuant to the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, the failure to respond timely to any nondispositive motion shall be an adequate basis, without more, for granting the relief sought. Local Rule 7.2(f).  Third, by Order dated May 11, 2020, this Court continued the trial in this case and suspended all then-pending deadlines in the final scheduling order (Dkt. No. 37).  Allowing Mr. Lacy to amend his complaint is therefore unlikely to result in undue delay.  Accordingly, the

Court grants Mr. Lacy's motion to amend complaint (Dkt. No. 30). Mr. Lacy may file his amended complaint within 14 days from the entry of this Order.

Because Ryder's motion for summary judgment is directed at Mr. Lacy's second amended complaint, the filing of a new complaint likely moots Ryder's motion for summary judgment. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (determining that the district court's granting a motion to dismiss an original complaint and then denying as moot a then-pending motion to amend the complaint was "plainly erroneous" and determining that "[i]f anything, [the] motion to amend complaint rendered moot [the] motion to dismiss the original complaint"). Accordingly, the Court denies as moot Ryder's pending motion for summary judgment directed at Mr. Lacy's second amended complaint (Dkt. No 25). Ryder may file a motion for summary judgment directed to Mr. Lacy's operative complaint within 30 days of Mr. Lacy's filing of his amended complaint. Given the procedural posture of this case, the Court recognizes that the parties may choose to cite Federal Rule of Civil Procedure 10(c) and incorporate by reference their prior filings, if appropriate.

It is so ordered this 23rd day of February, 2021.

_____
Kristine G. Baker
United States District Judge