THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSEPH D. LACY, JR.                                                           PLAINTIFF

v.                               Case No. 4:19-cv-00130-KGB

RYDER TRUCK RENTAL, INC.                                                      DEFENDANT

## OPINION AND ORDER

Before the Court is defendant Ryder Truck Rental, Inc.'s ("Ryder") motion for summary judgment (Dkt. No. 41). Plaintiff Joseph D. Lacy, Jr., filed a response in opposition to the motion for summary judgment (Dkt. No. 44), and Ryder replied (Dkt. No. 47). For the reasons that follow, the Court grants Ryder's motion for summary judgment (Dkt. No. 41).

### I.      Background

In his operative complaint, Mr. Lacy brings claims for negligence, products liability, and breach of express and implied warranties against Ryder (Dkt. No. 42, ¶ 1). The allegations in support of these claims arise from a single-vehicle accident that occurred on April 10, 2016 (*Id.*). At the time of the accident, Mr. Lacy was driving a 2012 Freightliner tractor-trailer (VIN 1FUJGLBG69CSBT9222) that had been leased by Ryder to his employer, Surety Transport, Inc. ("Surety Transport") (*Id.*, ¶ 2). Surety Transport was domiciled in North Little Rock, Arkansas, and the lease listed the domicile of the leased vehicle as Little Rock, Arkansas (*Id.*, ¶ 3). Mr. Lacy was traveling in the subject tractor-trailer for his employer on U.S. Highway 30 in Clinton County, near Dewitt, Iowa (*Id.*, ¶ 6). While on a curved ramp leading from Highway 30 to Highway 61, Mr. Lacy lost control of the subject tractor-trailer, and it began swerving. The subject tractor-trailer then overturned onto its side and slid off the roadway (*Id.*).

Mr. Lacy alleges that the subject tractor-trailer's "cruise control system failed causing the truck to accelerate out of control and not react or shutoff when braking was applied" (*Id.*, ¶ 2).  Mr. Lacy claims in his operative complaint that, as a result, he was required to drive intentionally from the roadway to avoid injuring others on the highway, and he claims that he was seriously injured when the truck and the trailer it was carrying crashed as it left the road (Dkt. No. 39, ¶ 5).

Ryder leased the subject tractor-trailer to Surety Transport on February 6, 2016 (Dkt. No. 42, ¶ 3).  Ryder regularly provided maintenance to the subject tractor-trailer throughout the lease (*Id.*, ¶ 4).  According to Mr. Lacy, the repair records indicate that on March 25, 2016, Ryder replaced the on/off switch of the cruise control system and replaced the clutch of the subject tractor-trailer (Dkt. No. 39, ¶ 5).  Mr. Lacy testified that he made a complaint that the speedometer did not coincide with the actual speed of the subject tractor-trailer when the cruise control was engaged (*Id.*).  Both parties agree that repairs and replacements were made to the subject tractor-trailer's cruise control system and that, following the completion of the work, the switch and cruise control system were operational and without defect (Dkt. No. 44-1, Request for Admission No. 8).

After the accident, Mr. Lacy pursued workers' compensation claims against his employer Surety Transport in both Arkansas and Iowa (Dkt. No. 42, ¶ 7).  During the proceedings, Mr. Lacy stated that the reason for the subject accident was that the shipper of the cargo that he was transporting loaded the cargo incorrectly causing the subject tractor-trailer to flip over (*Id.*).  In a letter to the Clinton County Sheriff's Office responding to the citation he received for failure to maintain control, Mr. Lacy again stated that the reason for the subject accident was that the shipper of the cargo that he was transporting loaded the cargo incorrectly causing the subject tractor-trailer to flip over (*Id.*, ¶ 8).

In his operative complaint before this Court, Mr. Lacy alleges that the subject tractor-trailer's "cruise control electronic system failed causing the truck to accelerate out of control and not react or shutoff when braking was applied" (Dkt. No. 39, ¶ 5).  Mr. Lacy claims that Ryder's negligent maintenance, defective product, and breach of express and implied warranties are the direct and proximate cause of his injuries (*Id.*, ¶¶ 6-9).  He seeks the following damages:  medical expenses; pain, suffering, and mental anguish; lost wages; scarring and disfigurement; and loss of earning capacity (*Id.*, ¶ 13).

Ryder has disclosed an expert, Mitchell Lee Rackers, P.E., who has provided an accident reconstruction report stating that there was "no evidence of any deficiencies with the [subject tractor-trailer] which would have contributed to the cause of the accident." (Dkt. No. 42, ¶ 14).  In examining the Event Data Recording ("EDR") Data from the subject tractor-trailer, Mr. Rackers found that the cruise control switch was set to "OFF" when a fault code occurred after the overturning of the subject tractor-trailer.  Mr. Rackers also evaluated the tires, brakes, steering, and suspension systems of the subject tractor-trailer and found that they were intact and functional prior to the accident (*Id.*, ¶ 15).

Mr. Lacy has disclosed no expert witness in this matter, and the time to do so has passed (Dkt. Nos. 20; 42, ¶ 16).  *See also* Fed. R. Civ. P. 26(a)(2)-(3).

## II.      Legal Standard

Pursuant to the Federal Rules of Civil Procedure, the Court may grant summary judgment if the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  A dispute is genuine

if a reasonable jury could render its verdict for the non-moving party. *Anderson.*, 477 U.S. at 248. "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

The initial burden is on the party seeking summary judgment to demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019). If the moving party satisfies its burden, the burden then shifts to the non-moving party to establish that there is a genuine issue to be determined at trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). The non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Matsushita*, 475 U.S. at 586, 587). Mere denials or allegations are insufficient to defeat an otherwise properly supported motion for summary judgment. *See Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271-72 (8th Cir. 1992); *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). When the non-moving party cannot make an adequate showing on a necessary element of the case on which the party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

## III.    Discussion

Ryder maintains that it is entitled to summary judgment because no material issues of fact are in dispute and because Mr. Lacy's claims contain several fatal deficiencies.[1] Ryder argues that

---

[1] In its answer to Mr. Lacy's operative complaint, Ryder alleges that this Court "may lack subject matter jurisdiction over the matter in that the citizenship of one or more of the parties referenced in the third amended and substituted complaint is not pleaded or otherwise established

Mr. Lacy cannot establish an essential element of his claims because he has:  (1)  submitted no evidence that the subject tractor trailer, including its cruise control system, was defective at the time it left Ryder's control;  (2) failed to give reasonable notice of his breach of warranty claims; and (3) failed to provide proof that any express warranties were made by Ryder (Dkt. No. 41, ¶ 4-5).  Mr. Lacy avers that Ryder's motion for summary judgment should be denied because his own deposition testimony and the subject tractor-trailer repair records establish questions of fact as to the defective nature of the cruise control system and switch (Dkt. No. 45, at 3).  The Court addresses the parties' arguments.[2]

### A.    Negligence And Product Liability Claims

"Although the elements of negligence, breach of warranty, and strict liability are not identical, in any products liability case in Arkansas a plaintiff must show that the product was

---

therein" and that "the third amended and substituted complaint infers/implies that the parties are each citizens of the same state and are therefore not 'diverse' for jurisdictional purposes." (Dkt. No. 40, ¶¶ 14-15).  In his operative complaint, Mr. Lacy states he is a citizen of Faulkner County, Arkansas, and that Ryder is a foreign corporation doing business in Little Rock, Arkansas, with its principal place of business in Miami, Florida (Dkt. No. 39, ¶¶ 1–2).  Neither Ryder nor Mr. Lacy raise this Court's subject matter jurisdiction in their arguments on summary judgment.

[2]  The Court acknowledges that Ryder raises the possibility in its summary judgment briefing that Iowa law may apply to Mr. Lacy's claims (Dkt. No. 43, at 6 n.2).  Mr. Lacy does not address this issue in his response and instead relies solely upon Arkansas law in his briefing (Dkt. No. 45).  The Court determines that, without deciding the choice of law issue, the outcome of Ryder's motion for summary judgment is the same under Arkansas and Iowa law.  In this Order, the Court addresses Mr. Lacy's claims applying Arkansas law, as the parties have done.  If Iowa law applies because the accident occurred in Iowa, then Mr. Lacy's negligent maintenance claim falls outside the applicable two-year statute of limitations period and is time-barred.  Iowa Code Ann. § 614.1.  Additionally, Mr. Lacy's product liability claim fails because Iowa law requires expert testimony in product defect cases that involve technical issues not fully understood by the average juror.  *Cummings v. Deere & Co.*, 589 F. Supp.2d 1108, 1117–19 (S.D. Iowa 2008).  "[W]arranty liability under [Iowa law] requires proof of a product defect as defined in Products Restatement section 2," as well.  *Wright v. Brooke Group, Ltd.,* 652 N.W.2d 159, 182 (Iowa 2002).

defective and that the defect proximately caused the plaintiff's injury." *First Nat'l Bank of Phillips Cty. v. Ford Motor Co*., Case No. 2:03-cv-000038 JLH, 2005 WL 8164444, at *2 (E.D. Ark. July 27, 2005) (internal citations omitted); *see* Ark. Code Ann. § 16-116-101(a).   A plaintiff must present sufficient evidence from which a jury could reasonably conclude that the defect was more likely than not the cause of the plaintiff's injury.   *First Nat'l Bank of Phillips Cty.,* 2005 WL 8164444, at *2.   In the absence of direct proof of a specific defect, the plaintiff must negate other possible causes of the accident by a "preponderance of the probabilities."   *Yielding v. Chrysler Motor Co., Inc.*, 783 S.W.2d 353, 355 (Ark. 1990) (citing *Harrell Motors, Inc. v. Flanery*, 612 S.W.2d 727 (Ark. 1981)).

Under Arkansas law, the general rule is that expert testimony is required to prove that there was a defect in the product which caused the plaintiff's injuries.   *See Yielding*, 783 S.W.2d at 355–356.   There is, however, "a *res ipsa loquitur*-like exception:   If common experience teaches that no accident would have happened absent some defect, then a plaintiff can get to the jury without an expert."   *Oliphant v. FCA US LLC*, Case No. 3:18-cv-33-DPM, 2019 WL 1590577, at *1 (E.D. Ark. Apr. 12, 2019) (applying Arkansas law).   This narrow exception is only available when the plaintiff produces substantial evidence negating other possible causes of the accident.   *Id.* (citing *Higgins v. General Motors Corp.*, 699 S.W.2d 741, 743 (Ark. 1985)).   Substantial evidence is defined as "that which is of sufficient force and character that it will compel a conclusion one way or another.   It must force or induce the mind to pass beyond a suspicion or conjecture."   *Higgins*, 699 S.W. 2d at 744 (citing *Dan Cowling & Associates v. Clinton Board of Education,* 618 S.W.2d 158 (Ark. 1981)).

Ryder contends that Mr. Lacy cannot meet this burden.   As an initial matter, Mr. Lacy has offered no expert testimony to support his allegations that the cruise control system in the subject

tractor-trailer was defective and that the defect proximately caused his injury.  In the absence of expert testimony or direct proof that the subject tractor-trailer was defective, the question is whether, viewing the record evidence in the light most favorable to Mr. Lacy, a reasonable jury could find that Mr. Lacy has produced sufficient evidence from which a reasonable fact finder could determine that he negated other possible causes of the accident by a preponderance of the probabilities.  The Court concludes that, on the record evidence with all reasonable inferences draw in favor of Mr. Lacy, the answer is no.

The only evidence Mr. Lacy submits is his own testimony and the records for the repairs made to the subject tractor-trailer's cruise control system on March 25, 2016.  He argues that this constitutes "substantial collaborative evidence that shows an absence of defect when the truck was repaired and returned to [him] and also raises a question of fact as to whether the Ryder Truck and its cruise control components were not working and defective at the time of the accident." (Dkt. No. 45, at 3).  He cites *Harrell Motors, Inc. v. Flanery*, 612 S.W. 2d 727 (Ark. 1981), to advance his position that he can prove the cruise control system in the subject tractor-trailer was defective without the aid of expert testimony.  In *Flanery*, the plaintiff testified that the transmission had not properly functioned from shortly after the date of purchase, and there was evidence that the transmission was also the cause of the subject accident.  612 S.W. 2d at 729.  The Court finds none of these facts applicable to the instant matter.  In contrast to *Flanery*, where the evidence tended to show that the defect existed before the accident, here Mr. Lacy does not dispute that Ryder repaired and returned the subject tractor-trailer to him in "working condition without notice of any abnormality" after he complained that the speedometer did not coincide with the actual speed when the cruise control system was engaged (Dkt. No. 45, at 2).  More to the point, there is no dispute that Mr. Lacy's prior complaint about the subject tractor-trailer's cruise control system is different

7

from the present allegation that the cruise control system failed to shut off at the time of the accident.

Mr. Lacy has also failed to submit evidence negating other causes of the subject accident. For product liability claims arising from vehicular accidents, the plaintiff must sufficiently negate driver error or control. *See, e.g.*, *Williams v. Smart Chevrolet Co.*, 730 S.W. 2d 479, 482 (Ark. 1987) (determining that plaintiff's testimony that she shut and locked the door of the car before the door swung open in an accident did not sufficiently negate driver error); *Mixon v. Chrysler Corp.*, 663 S.W. 2d 713, 714-15 (Ark. 1984) (determining that plaintiff failed to negate other possible causes such as road conditions, speed, or driver operation of vehicle). Mr. Lacy offers no evidence to negate driver error besides his own deposition testimony of "feathering" the breaks to no avail and swerving off the road to avoid hitting other vehicles (Dkt. No. 41-2). He also provides no evidence to negate his previous explanation—undisputed in the record before the Court—that the unstable shipping cargo he was hauling caused the truck to tip over (Dkt. No. 41-8). Nor does Mr. Lacy rebut the conclusion offered by Ryder's expert witness that "[t]he accident was the result of the driver traveling at an excessive speed and failing to maintain control of his vehicle" (Dt. No. 41-8). Instead, Mr. Lacy maintains that the expert's finding "creates a question of fact on the operation of the cruise control system and switch and the reason for speed of the truck" (Dkt. No. 46, ¶ 1). Based on the evidence in the record, a reasonable jury could only speculate as to the cause of the accident. "A guess between several possibilities cannot support a verdict." *Oliphant*, 2019 WL 1590577, at *2.

All of these allegations upon which Mr. Lacy relies, in the light of the record evidence with all reasonable inferences construed in Mr. Lacy's favor, do not carry his burden at this stage of the litigation. Accordingly, Ryder is entitled to summary judgment.

### B.    Breach Of Warranty Claims

Mr. Lacy asserts breach of express and implied warranties (Dkt. No. 39, ¶¶ 8, 10).  Breach of warranty and products liability claims are "essentially the same" insofar as both require a product defect attributable to the defendant.  *Higgins*, 699 S.W.2d at 743; *see also Madden v. Mercedes-Benz USA, Inc.*, 481 S.W.3d 455, 460–61 (Ark. Ct. App. 2016).  Because the Court finds that Mr. Lacy has failed to establish evidence of a defect in the subject tractor-trailer that was the proximate cause of the subject accident, Ryder is also entitled to summary judgment as a matter of law on the breach of warranty claim.  Further, with respect to reasonable notice, Mr. Lacy does not dispute that Ryder repaired and returned the subject tractor-trailer to him in "working condition without notice of any abnormality" after he complained that the speedometer did not coincide with the actual speed when the cruise control system was engaged (Dkt. No. 45, at 2).  Mr. Lacy's prior complaint about the subject tractor-trailer's cruise control system is different from the present allegation that the cruise control system failed to shut off at the time of the accident, undercutting his argument as to reasonable notice.  Moreover, Mr. Lacy does not dispute that he testified at his deposition that no one from Ryder made any warranty or promise to him about the vehicle (Dkt. No. 43, at 12).  For all of these reasons, the Court grants summary judgment in favor of Ryder on Mr. Lacy's breach of warranty claims.

### IV.    Conclusion

For these reasons, the Court grants defendant's motion for summary judgment.  The Court denies Mr. Lacy the relief he seeks.  Because the Court has resolved this case in favor of Ryder, the Court removes this case from the trial calendar for the week of November 29, 2021 (Dkt. No. 48).  The Court denies as moot Ryder's motion for hearing and Mr. Lacy's motion to extend the time to file pretrial disclosures (Dkt. Nos. 50, 53).  Judgment will be entered accordingly.

It is so ordered this 12th day of November, 2021.

_____

Kristine G. Baker
United States District Judge